STOULIG, Judge.
Appellants seek a reversal of the judgment of the First City Court of the City of New Orleans rendered against them in favor of plaintiff. Trial of the cause was originally set by agreement of counsel for June 10, 1971. On the day before the trial date counsel for appellants requested a continuance, to which plaintiff agreed provided no further continuances would be sought. By mutual agreement the trial was then set for June 23, 1971. On June 21, 1971, attorney for appellants filed with the court a second motion for continuance and mailed notice to opposing counsel, who stated it was received by his office approximately one hour before trial.
The motion was taken up as a preliminary matter on the same date previously set for the trial on the merits. Attorney for movers was not present for argument on the motion because of a conflicting United States District Court proceeding, which formed the basis of his motion for a continuance. However, a brother of the absent attorney, present in court on an unrelated matter, voluntarily argued the merits of the motion, which was denied. The court then called for a trial of the matter on its merits. The defendants were absent and unrepresented, and the only evidence adduced was on behalf of the plaintiff. This resulted in an uncontested judgment.
Appellants allege two specifications of error: the trial judge’s failure to grant the requested continuance and to dispose of his docket in the order of assignment. Our examination of the rules of the First City Court, the Code of Civil Procedure, and the record, convinces us that these allegations do not sustain a right to reversal.
Appellants cite as authority for a continuance as a matter of right, Rule 11, Sec. 3(a) of the Rules of the First City Court, which reads as follows:
“No continuance will be granted except in the following cases, and under the following conditions:
(a) The engagement of counsel in the actual trial of a case in another Division of the Court, or in some other Civil Court of Record * *
The conflicting federal proceeding was on a motion to dismiss and alternatively a motion for summary judgment. Counsel maintains that because of the serious nature and potential effect of these motions on the rights of the parties, the federal hearing on these motions was tantamount to an “actual trial of the case” within the contemplation of the cited court rule. Assuming arguendo this position to be well taken, apparently counsel overlooks Section 1 of the same rule upon which he relies, which makes the granting of the continuance discretionary with the trial judge. Section 1 of Rule 11 explicitly states:
“A continuance may be granted in any case only if there is good ground therefor, as hereafter set forth.” (Emphasis supplied.)
This authority is consistent with Code of Civil Procedure Articles 1601 and 1602.
Though not a part of the formal record, a certified copy of the docket entries in the federal proceedings was attached to the brief by attorney for defendants. It reflects that on May 26, 1971, the hearings in the federal court were continued to June 23, 1971. Obviously when counsel agreed on June 10 to the continuance of the matter in the city court to this same date, he was aware, or should have been aware, that a conflict would arise.
Under the circumstances of this case we find no abuse of the discretion vested in the trial judge.
In support of the remaining assignment of error, counsel for appellants submitted a certified copy of the city court docket which lists this matter as the third case for trial on June 23, 1971. In his brief he represents that upon his arrival in court at approximately 11:30 a. m. the first docketed case was still being tried, which *53 trial consumed approximately one and one-half hours. Counsel urges that had the cases been called as docketed he would have been timely in court for the calling of this case and therefore able to defend the suit. In support of his position he cites Rule 16, Sec. 3 of the rules pertaining to “Trial of Rules and Cases” :
“Causes shall be tried in the order in which they are fixed, but the Judges may call their dockets and dispose of such causes as are not litigated * * * ”
The very rules of court upon which counsel relies to sustain his position in fact refute it. The city court trial docket of Wednesday, June 23, 1971, lists the instant matter for trial at 10 a. m. (as it does for all cases on the docket that day). This posting is consistent with First City Court Rule 10, Sec. 7, which states: “Cases to be litigated will be triable commencing at 10:15 A.M.” Thus, under the posted notice of the trial docket itself and the city court rules, counsel for appellants was required to he ready for trial of this case at 10:15 a. m. The record contains no evidence, either documentary or testimonial, that the trial court did not observe its own rules by commencing trial before 10:15 a. m.
Additionally we note Rule 8, Sec. 1 of the same rules, relative to the “Trial of Cases,” provides:
“Cases shall ordinarily be tried in the order in which they are assigned, but the Judges may call their dockets and dispose of all cases and other matters in such order as they deem proper.”
Thus under this rule the trial judge has the authority to rearrange his docket to expedite the court’s business without regard to the sequence in which the cases are listed.
For the foregoing reasons, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.